THE PEOPLE v. BERT ROBINSON AND CHARLES SMITH, ALIAS CHARLES HUGHES.

*Criminal law—Evidence—Confessions—Cross-examination of respondent—Trial.*

1. Where the question whether the confessions of a respondent to an officer were freely and voluntarily made is fairly submitted to the jury as an issue of fact, under proper instructions (*People v. Howes*, 81 Mich. 396), evidence of such confessions is competent (*People v. Barker*, 60 Mich. 279, head-note 10).

2. Act No. 245, Laws of 1881, permitting a respondent in a criminal case to testify as a witness in his own behalf, repealed Act No. 125, Laws of 1861, permitting him to make an *unsworn statement* to the jury.

3. A respondent who offers himself as a witness, and testifies in his own behalf, is subject to the same rules as to cross-examination as other witnesses.[1]

   So *held*, where the respondent so offering himself was permitted to make an unsworn statement to the jury, and was fully cross-examined thereon.

4. The mere fact that a respondent's counsel is not present when further instructions are given to the jury is not reversible error, where it is impossible to secure his attendance when the jury need further direction, if such instructions are taken down by the reporter and are unobjectionable.[2]

---

[1] See *People v. Howard*, 73 Mich. 10; *People v. Pinkerton*, 79 Id. 110; *People v. Bussey*, 82 Id. 49.

[2] See *People v. LaMunion*, 64 Mich. 709.

Error to Kalamazoo. (Buck, J.) Argued June 17, 1891. Decided July 3, 1891.

. Respondents were convicted of burglary, and sentenced to the State House of Correction and Reformatory at Ionia. Judgment affirmed. The facts are stated in the opinion.

*O. T. Tuthill,* for respondents.

*A. A. Ellis,* Attorney General, and *L. N. Burke,* Prosecuting Attorney, for the people.

LONG, J. The respondents were convicted in the Kalamazoo circuit court before a jury of the statutory offense of breaking and entering a flouring-mill in the night-time with intent to commit the crime of larceny. The case comes to this Court by writ of error.

The claim upon the part of respondents' counsel in this Court is:

1. That there is no competent testimony showing the respondent to have been guilty of the crime of burglary.

2. That the court was in error in permitting the sheriff of the county to testify to confessions made by the respondents after their arrest.

3. That, the respondents having made statements upon the witness stand not under oath, the court was in error in permitting the counsel for the people to cross-examine them upon matters not stated by the respondents.

4. That the court was in error in permitting the jury to be recalled to the court-room after they had retired for deliberation, and giving them further instructions in the absence of respondents' counsel.

There was no question upon the trial but that the respondents entered the mill in the night-time, and attempted to carry away therefrom a quantity of flour. The owners of the mill had been advised beforehand that a burglary would be attempted there that night, and were on the lookout for the parties, with the officers of

the county. The respondents were seen to enter the mill through a basement window, which was shown to have been boarded up at the time the mill was closed on the evening of that day. After the arrest of the respondents, which followed immediately after their coming out of the mill, the boards upon this window through which they had entered were found to have been broken off. The sheriff testified upon the trial that after the respondents were arrested Hughes made a statement to him that, when the respondents reached the mill, respondent Robinson kicked the boards off the window through which they entered. The respondents in their statements denied this, and claimed that whatever statement was made by them was made under promise by the officers of the county that it would be better for them if they would tell how the matter occurred. They each admitted going into the mill on that night through this window, but claimed that it was by arrangement with one Sorenson, who wanted them to go and help him get some flour; that they had all been drinking more or less, and when they arrived at the mill they found the window open, went in, and threw the flour out of the window. It appears, therefore, that there was some evidence by the confession of the respondents that they broke and entered the mill as charged in the information. The claim that this confession was made under any sort of promises or threats is wholly contradicted by the sheriff, and the question was fairly submitted to the jury whether any such promises or threats were made. We therefore find no foundation for the claim made in counsel's first and second propositions.

The people have the same right of cross-examination of the respondents, they having offered themselves as witnesses, as though they had been sworn. The cases

referred to by respondents' counsel, limiting the cross-examination of the respondents when making statements in their own behalf and not under oath, were cases arising prior to the statute of 1881. Act No. 245, Laws of 1881. This act was an amendment of Act No. 125, Laws of 1861, which permitted the respondent in a criminal case to make a statement, not under oath, before the court and jury upon the trial. By the amendment of 1881, permitting the respondent in a criminal case to testify upon oath before the court and jury upon his trial, the act of 1861, permitting a statement to be made by such respondent not under oath, was repealed. The court was not, therefore, in error in permitting the prosecuting officer to cross-examine the respondents the same as though they had been sworn in the case as witnesses, and the rule of cross-examination applied to other witnesses must be applied to the respondents under the statute of 1881, when the respondent himself testifies as a witness in his own behalf.

Counsel for respondents cites us to the case of *People v. Reilly*, 53 Mich. 260, and claims that it was intimated there by Mr. Justice SHERWOOD that the respondent in a criminal case had yet the right to make an unsworn statement before the jury upon his trial. What was said in that case must be treated as mere *dictum*, as it appeared that the respondent was sworn as a witness in his own behalf.

The fourth claim of respondents' counsel must be overruled, as it appears that the further charge of the court to the jury upon their being recalled to the court-room was unobjectionable. The mere fact that respondents' counsel was not present when this further charge was given to the jury is not such error as to call for a reversal of the case. It is very proper that the respondents should

have the benefit of the presence of their counsel if the jury are to be further instructed, and we think it the manifest duty of the court to give the counsel such opportunity, so that the interests of the respondents may be properly guarded; but it sometimes happens that it would be impossible to procure the attendance of counsel for the respondent when the jury might need further direction, and there is no error, under such circumstances, in the court giving the jury further directions, where such directions are taken down by the reporter, so that the whole proceeding may fairly appear upon the record. Unless there is some manifest error in the instructions given, the case will not be reversed.

We find no error in this record, and the conviction must be affirmed.

The other Justices concurred.