NANCY HARRIS

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa May 16, 1889.*

1. TRIAL BY JURY—*in criminal cases—constitutional guaranty—waiver of jury—whether allowable, so as to confer jurisdiction upon the judge.* By the constitution of the State, the common law right to a trial by jury in criminal cases is guaranteed, and declared to be inviolable, and the statute requires that, except as therein provided, all trials for criminal offenses shall be conducted according to the course of the common law. It thus seems that the power to conduct criminal trials in any other mode than that which prevailed at common law is necessarily excluded.

2. So in a prosecution for a felony, when the plea of not guilty is entered, the right to a jury trial can not be waived by the accused, so as to confer upon the court jurisdiction to try, convict and sentence the defendant without the intervention of a jury.

3. It is true, a defendant in a criminal case may waive a trial by jury by plea of guilty. But while he may waive a trial by jury, he can not, by such waiver, confer jurisdiction to try him by a tribunal which has no such jurisdiction by law.

4. A jury of twelve men being the only legally constituted tribunal for the trial of an indictment for a felony, it necessarily follows that the court or judge is not such tribunal, and that in the absence of a jury he has, by law, no jurisdiction. If he attempts to sit as a substitute for a jury, and perform their functions in such cases, his act must be regarded as nugatory.

5. COURT—*for trial of criminal cases—of what officers it must consist.* The Criminal Court of Cook county, and the circuit courts, when properly constituted for the trial of criminal cases, and especially for the trial of felonies, consist not merely of a judge, but also of a clerk, a sheriff, a State's attorney and a jury. The judicial functions brought into exercise in such trials are parceled out between the judge and the jury, and so long as there is no law authorizing it, the functions to be exercised by the jury might just as well be transferred, by agreement of the parties, to the clerk or sheriff, as to the judge.

6. JURISDICTION—*by consent.* It is a maxim in the law, that consent can never confer jurisdiction; by which is meant that the consent of the parties can not empower a court to act upon subjects which are not

submitted to its determination and judgment by the law. The law creates courts, and, upon considerations of public policy, defines and limits their jurisdiction, and this can neither be enlarged nor restricted by the act of the parties.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Mr. S. B. MINSHALL, and Mr. JAMES WHITTAKER, for the plaintiff in error:

In trials for felony, the defendant can not waive the constitutional right to a jury trial, and after such waiver and trial by the court, the finding is a nullity. Const. art. 2, secs. 2, 5, 9; Rev. Stat. chap. 38, secs. 4, 11, 15; Bishop on Crim. Proc. (3d ed.) sec. 894; Cooley's Const. Lim. 319; Proffatt on Jury Trial, sec. 113; *State* v. *Lockwood*, 43 Wis. 405; *State* v. *Mansfield*, 41 Mo. 471; *Neals* v. *State*, 10 id. 500; *Cancemi* v. *People*, 18 N. Y. 131; *Work* v. *People*, 2 Ohio St. 304; *Hill* v. *People*, 16 Mich. 356; *Commonwealth* v. *Shaw*, 1 Pittsb. 492; *Brown* v. *State*, 8 Blackf. 561.

It was not in the power of the legislature to provide, by statute, that a petit jury should consist of less than twelve men, nor that less than the whole twelve could return a verdict. 41 N. H. 550.

"No person shall be deprived of life, liberty or property without due process of law." Const. art. 2, sec. 2.

"In all criminal prosecutions, the accused shall have the right to * * * a speedy and public trial by an impartial jury of the county or district in which the offense is alleged to have been committed." Const. art. 2, sec. 9.

"The right of trial by jury, as heretofore enjoyed, shall remain inviolate." Const. art. 2, sec. 5; *Commonwealth* v. *Shaw*, 1 Pittsb. 494.

"All trials for criminal offenses shall be conducted according to the course of the common law, except when this act points out a different mode." Rev. Stat. chap. 38, par. 488, sec. 8.

"Juries, in all criminal cases, shall be the judges of the law and the fact." Rev. Stat. chap. 88, par. 491, sec. 11.

"In cases where the party pleads 'guilty,' such plea shall not be entered until the court shall have fully explained to the accused the consequences of entering such plea, after which, if the party persists in pleading 'guilty,' such plea shall be received and recorded, and the court shall proceed to render judgment and execution thereon, as if he had been found guilty by a jury. In all cases where the court possesses any discretion as to the extent of the punishment, it shall be the duty of the court to examine witnesses as to the aggravation and mitigation of the offense." Rev. Stat. chap. 38, par. 484, sec. 4.

The right of trial by jury is secured by the constitution upon a principle of public policy, and can not be waived. Cooley's Const. Lim. 319, 410, note; Proffatt on Jury Trial, sec. 113.

Mr. GEORGE HUNT, Attorney General, for the People:

We contend that the court had jurisdiction to hear and determine the case without a jury.

Circuit courts have original jurisdiction of all causes in law and equity. Const. 1870, art. 6, sec. 12.

The jury is not part of the court, except in cases where it is made so by statute. Section 6, division 14, of the Criminal Code, declares: "In all cases where the punishment shall be confinement in the penitentiary, if the case is tried by a jury, the jury shall say, in their verdict, for what time the defendant shall be confined," etc. This clearly implies that the case may be tried by the court, and not by a jury. In such case, the punishment must be determined by the court.

Section 9 of the same division declares: "When the accused pleads guilty, and in all other cases not otherwise provided for, the court shall fix the time of confinement, or the amount of the fine, or both, as the case may require." .

The clause, "all other cases not otherwise provided for," refers to cases other than those in which the accused pleads guilty, and includes just such a case as this. The law here authorizes the court to fix the penalty—makes it a legal tribunal to fix the punishment. In the case at bar, the punishment was fixed by that legal tribunal, and not by an unauthorized tribunal created by the agreement of parties, as in the cases referred to in the brief of counsel for plaintiff in error.

The sections of the constitution referred to by counsel for plaintiff in error guarantee rights. They do not purport to, nor do they, deprive a person of rights. Saying, "the right of trial by jury, as heretofore enjoyed, shall remain inviolate," does not mean that a person can not waive that right. It does not mean that it shall be a burden placed upon him which he can not free himself from, but rather a privilege which may be enjoyed by him, and of which he shall not be deprived against his will.

The words, "shall remain inviolate," mean that he shall not be deprived of his privilege by other persons, or by State authority. They do not mean that he may not waive the privilege. When a person is accused, he is to have the right of a trial by jury as heretofore enjoyed,—that is, the jury shall be selected from disinterested and unprejudiced citizens. It shall consist of twelve members. No law shall deprive a person accused of crime, of the right to a trial by such a jury, but there is no implication that the accused may not waive that right for himself.

That the right to a trial by a jury of twelve lawful men may be waived, see *Brown* v. *State*, 8 Blackf. 561; *Daily* v. *State*, 40 Ohio St. 57; *Hill* v. *People*, 16 Mich. 356; *Dillingham* v. *People*, 50 Pa. St. 280; *League* v. *State*, 36 Md. 257; *People* v. *Lane*, 55 Barb. 168; *State* v. *Moody*, 24 Mo. 560; *State* v. *Larger*, 45 id. 560; *People* v. *Goodwin*, 5 Wend. 251; *Nomaque* v. *People*, Breese, 145; *Zarresseller* v. *People*, 17 Ill. 101; *People* v. *Scates*, 3 Scam. 351; *Darst* v. *People*, 51 Ill. 286; *Chase* v. *People*, 40 id. 352; *Perteet* v. *People*, 70 id. 179.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

Nancy Harris, the defendant, was indicted in the Criminal Court of Cook county, the indictment charging her, in the first count, with the crime of larceny, and in the second count, with receiving and aiding in concealing stolen property, knowing it to be stolen, with the intention of preventing the owner from again possessing the same. In both counts the value of the property stolen was alleged to be a sum exceeding $15. The defendant being arraigned pleaded not guilty, and thereupon, by agreement between the defendant, her counsel and the state's attorney, a jury was waived, and the defendant was tried by the court without a jury. At such trial the court found her guilty as charged in the indictment, and sentenced her to imprisonment in the penitentiary for the term of one year. She now brings the record to this court and alleges that her conviction is illegal, for the reason that the Criminal Court had no power or authority to try her without a jury.

The question thus presented is, whether, in a prosecution for a felony, where a plea of not guilty is entered, the right to a jury trial can be waived, so as to confer upon the court the jurisdiction to try, convict and sentence the defendant without the intervention of a jury. It must be admitted that, if the power to try an indictment for a felony without a jury exists, such power is not given by the express terms of either the Constitution or statutes. Article 2 of the Constitution, known as the Bill of Rights, contains the following:

Sec. 2. "No person shall be deprived of life, liberty or property, without due process of law.

Sec. 5. "The right of trial by jury as heretofore enjoyed shall remain inviolate.

Sec. 9. "In all criminal prosecutions, the accused shall have a right to  *  *  *  a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed."

Division 13 of the Criminal Code contains the following provisions :

Sec. 8. "All trials for criminal offenses shall be conducted according to the course of the common law, except when this act points out a different mode, etc.

Sec. 11. "Juries in all criminal cases shall be the judges of the law and of the fact."

There can be no question that, at common law, the only recognized tribunal for the trial of the guilt of the accused under an indictment for felony and a plea of not guilty, was a jury of twelve men.   4 Black. Com. 349; 1 Chitty's Crim. Law, 505; 2 Hale's Pleas of the Crown, 161; Bacon's Abridg. tit. Juries, A.; 2 Bennett & Heard's Lead. Cas. 327.   This right of trial by jury in all capital cases—and at common law a century and a half ago all felonies were capital—was justly regarded as the great safe-guard of personal liberty.   Says Mr. Blackstone: "The founders of the English law have, with excellent forecast, contrived that no man should be called to answer to the king for any capital crime, unless upon the preparatory accusation of twelve or more of his fellow subjects, the grand jury; and that the truth of every accusation, whether preferred in the shape of indictment, information, or appeal, should afterwards be confirmed by the unanimous suffrage of twelve of his equals and neighbors, indifferently chosen and superior to all suspicion."   4 Black. Com. 349.   The trial of an indictment for a felony by a judge without a jury was a proceeding wholly unknown to the common law.   The fundamental principle of the system in its relation to such trials was, that all questions of fact should be determined by the jury, questions of law only being reserved for the court.

Not only have we, in general terms, adopted the common law as a system, but by the express provisions of our Constitution and statutes the mode of trial in criminal cases known to that system is specifically adopted and preserved.   By the clauses of the Constitution above cited, the common law right

to a trial by jury in criminal cases is guaranteed and declared to be inviolable, and the statute requires that, except as therein provided, all trials for criminal offenses shall be conducted according to the course of the common law. It would thus seem that the power to conduct criminal trials in any other mode than that which prevailed at common law is necessarily excluded.

A jury of twelve men being the only legally constituted tribunal for the trial of an indictment for a felony, it necessarily follows that the court or judge is not such tribunal, and that in the absence of a jury, he has by law no jurisdiction. There is no law which authorizes him to sit as a substitute for a jury and perform their functions in such cases, and if he attempts to do so, his act must be regarded as nugatory. Especially must this be true where the jury are not only the judges of the facts as at common law, but are also the judges of the law as provided by our statute.

But it is said that the right to a trial by a jury is a right which the defendant may waive. This may be admitted, since every plea of guilty is, in legal effect, a waiver of the right to a trial by the legally constituted tribunal. But while a defendant may waive his right to a jury trial, he can not by such waiver confer jurisdiction to try him upon a tribunal which has no such jurisdiction by law. Jurisdiction of the subject matter must always be derived from the law and not from the consent of the parties, but in the present case, jurisdiction is sought to be based, not upon any law conferring it, but upon the defendant's consent and agreement to waive a jury and submit her cause to the court for trial. "It is a maxim in the law that consent can never confer jurisdiction; by which is meant that the consent of the parties can not empower a court to act upon subjects which are not submitted to its determination and judgment by the law. The law creates courts, and upon considerations of general public policy defines and limits

their jurisdiction; and this can neither be enlarged nor restricted by the act of the parties." Cooley's Const. Lim. 398.

It is said, however, that the Constitution and statutes confer upon the Criminal Court of Cook county general jurisdiction of all criminal cases arising in Cook county. That is true, but the court, when properly constituted for the trial of criminal cases, and especially for the trial of felonies, consists not merely of a judge, but also of a clerk, a sheriff, a state's attorney and a jury. For the trial of felonies the judge alone is not the court. The judicial functions brought into exercise in such trials are parceled out between him and the jury, and so long as there is no law authorizing it, the functions to be exercised by the jury might just as well be transferred, by agreement of the parties, to the clerk or sheriff as to the judge.

The views we have expressed are fully supported by the authorities. Thus, in *State* v. *Lockwood*, 43 Wis. 403, a defendant to a criminal information waived a jury and submitted his cause to the court for trial, and was tried by the court and convicted. On appeal to the Supreme Court it was held that the proceeding was a mis-trial, and that there had been no conviction within the meaning of the statute. In the opinion the court say: "A plea of not guilty to an information or indictment for crime, whether felony or misdemeanor, puts the accused upon the country, and can be tried by a jury only. The rule is universal as to felonies; not quite so as to misdemeanors. But the current of authority appears to apply it to both classes of crime; and this court holds that to be safer and better alike in principle and practice. The right of trial by jury, upon information or indictment for crime, is secured by the Constitution, and upon a principle of public policy, and it can not be waived." In *Williams et al.* v. *State*, 12 Ohio St. 622, the defendants were indicted for a felony, and having entered a plea of not guilty, they waived a jury and consented to a trial by the court, and were tried and convicted. The conviction was reversed on writ of error, the Supreme Court

holding that it was not in the power of the accused to waive a trial by jury and by consent submit to have the facts found by the court, so as to authorize a legal judgment and sentence upon such finding.

The question has most frequently arisen where a defendant to a criminal prosecution has waived a trial by a full panel, and has consented to be tried by a smaller number of jurors. In all the States where the question has arisen in that form, with a very few exceptions, it has been held that a defendant has no power to waive a trial by a full panel of twelve men, the reasoning upon which such decisions are based being equally applicable to cases where an attempt is made to dispense with a jury altogether. The doctrine of the decisions of that class is summed up by Judge Cooley as follows: "A petit jury is a body of twelve men, who are sworn to try the facts of a case, as they are presented in the evidence placed before them. Any less than this number of twelve would not be a common law jury, and not such a jury as the Constitution guarantees to accused parties, when a less number is not allowed in express terms; and the necessity of a full panel could not be waived— at least in case of felony—even by consent. The infirmity in the case of a trial by a jury of less than twelve, by consent, would be that the tribunal would be one unknown to the law, created by mere voluntary act of the parties; and it would in effect be an attempt to submit to a species of arbitration the question whether the accused has been guilty of an offense against the State." Cooley's Const. Lim. 319.

In *Cancemi* v. *The People*, 18 N. Y. 128, the court, while conceding that the defendant in a criminal case may, by consent, affect the conduct of the case in various particulars, lays down the rule that "the substantial constitution of the legal tribunal and the fundamental mode of its proceeding are not within the power of the parties;" and, "when issue is joined upon an indictment, the trial must be by the tribunal and in the mode which the constitution and laws provide, without any

38—128 ILL.

essential change.  The public officer prosecuting for the people has no authority to consent to such a change, nor has the defendant."  Among the numerous other cases where a similar doctrine has been laid down, the following may be cited: *Work* v. *The State*, 2 Ohio St. 297; *State* v. *Mansfield*, 41 Mo. 470; *State* v. *Davis*, 66 id. 684; *Neals* v. *State*, 10 id. 499; *Brown* v. *State*, 8 Blackf. 561; *Allen* v. *State*, 54 Ind. 461; *Commonwealth* v. *Shaw*, 1 Pittsburg, 492; *Hill* v. *People*, 16 Mich. 351.

In the trial of Lord Dacres for treason in the reign of Henry VIII, the question was presented whether the prisoner might waive a trial by his peers and be tried by the country, and all the judges of the King's Bench agreed that he could not, for the statute of Magna Charta was in the negative and the prosecution was at the instance of the King.  The same was again resolved on the arraignment of Lord Dudley in the seventh year of the reign of Charles I, and the reason assigned was, that the mode of trial was not so properly a privilege of the nobility, as a part of the indispensable law of the land, like the trial of commoners by commoners, enacted or rather declared by Magna Charta.  2 Wooddesson's Lectures, 346. See also 3 Inst. 30.

In *People* v. *Lyons et al.* 16 Chicago Legal News, 320, the late Judge McAllister, in a case brought before him on *habeas corpus*, where the defendants had been tried and convicted of a felony by the court, a jury having been waived by their consent, delivered an able and satisfactory opinion holding that the conviction was void, and that the defendants were illegally imprisoned thereunder.

We are of the opinion then, both upon principle and authority, that the Criminal Court had no legal power to try the defendant without a jury, notwithstanding her consent and agreement in that behalf, and that the trial and conviction are therefore erroneous.  The judgment will be reversed and the cause remanded.

*Judgment reversed.*