### UNITED STATES *v.* WILSON.

*(Circuit Court, D. Idaho. June 1, 1891.)*

1. CRIMINAL LAW—SUSPENSION OF SENTENCE.
   Courts have no power to suspend sentence except for short periods pending the determination of other motions or considerations arising in the cause after verdict.
2. SAME—REVOCATION OF ORDER.
   When the court has by order indefinitely suspended sentence, it cannot thereafter, and especially at a subsequent term, revoke such order, and proceed to judgment by sentencing the defendant.

*(Syllabus by the Court.)*

At Law. Indictment for adultery.

*Fremont Wood*, U. S. Atty.

*James H. Hawley*, for defendant.

BEATTY, J. On June 7, 1888, the defendant was arraigned in the third district court of Idaho territory upon the charge of adultery, to which, on the same day, he pleaded guilty, and upon his promises there made in open court to obey the laws upon that subject, it was "ordered that the sentence be suspended, and until further orders of this court, and that

said defendant be released, and his bail exonerated." On June 12, 1890, said order was revoked, and by another judge, the successor of the judge who suspended sentence, and on the following day defendant was sentenced to imprisonment, from which judgment he appealed to the supreme court of Idaho, whence the cause has been transferred here.

The questions for determination are, first, the power of a court to indefinitely suspend sentence, and, next, to revoke such order of suspension and to proceed to judgment. There can be no doubt of the right of a court to temporarily suspend its judgment, and continue to do so from time to time in a criminal cause, for the purpose of hearing and determining motions and other proceedings which may occur after verdict, and which may properly be considered before judgment, or for other good cause. In this cause however, the record does not show that the suspension was for any such reason, or for a certain or short time, but on the contrary, it appears it was for such uncertain time as the defendant should continue to remain so favorably impressed with the laws of the land as to obey them. Instead of this being a mere suspension of sentence, it operated as a condonation of the offense, and an exercise of a pardoning power, which was never conferred upon the court. In this I think the court clearly transcended its authority. The court having erred in its order of suspension of sentence, can it subsequently, at another term of court, and especially by a judge, who did not try the case, revoke such order, and proceed to a rendition of judgment? To hold that a court may from time to time, and term to term, revoke its orders, and by new orders attempt the correction of former errors, to say the least, would lead to a most uncertain practice. In support of the court's action in this matter, attention has been called to *People* v. *Reily*, 53 Mich. 260, 18 N. W. Rep. 849. In that case it appears that after verdict a motion for a new trial was interposed, and, pending its disposition, defendant entered into a recognizance for his appearance from time to time for sentence, which, in the mean time, and for about 13 months after verdict, remained suspended, when judgment was pronounced. This was, on appeal, affirmed, but not without dissent, by one of the most able members of the Michigan bench. The facts in that case are not like those in this. Quite similar to this is the case of *People* v. *Blackburn*, (Utah,) 23 Pac. Rep. 759, in which it was held the order of suspension could not be revoked, nor sentence be rendered. In support of the foregoing conclusions will be found *People* v. *Morrisette*, 20 How. Pr. 118; *People* v. *Brown*, (Mich.) 19 N. W. Rep. 578; *Weaver* v. *People*, 33 Mich. 296,—and attention has not been called to any contrary authorities. It may be further noted that section 7980, Rev. St. Idaho, contemplates that sentence must be pronounced during the term of court when the conviction was had, unless suspended, pending the consideration of some motion in the cause, or for some good reason, as above stated. It appears that not only had the term passed, but two years had expired, and in the mean time no motion was either made or pending. It is concluded that the territorial court in its order of judgment erred, and it is now ordered that the same be set aside, and the defendant be discharged.