THE STATE OF MISSOURI, Defendant in Error, v. CHARLES HOCKETT et al., Plaintiffs in Error.

Kansas City Court of Appeals, March 2, 1908.

1. **CRIMINAL LAW: Plea of Guilty: Sentence at Subsequent Term: Jurisdiction.** Defendants pleaded guilty to a charge of selling liquor, the record reciting that "thereupon by agreemer the assessing of the punishment and sentence is deferred to some future time." And at a subsequent term, without show- ing the presence of the defendants, the record recites "now at this day the court doth assess their punishment therefor with a fine of one hundred dollars each," and proceeds to revoke their licenses as dramshop keepers. *Held*, the court, having passed the case over indefinitely after the plea of guilty without any legal cause therefor, lost its jurisdiction. [Cases considered.]

2. ————: ————: **Duty of Court.** Under a plea or verdict of guilty it is the duty of the court to proceed to judgment by sentencing the defendants, and the court, which is but the arm of the law, has no authority by suspending sentence to exercise the pardoning power, which belongs to another department of the government.

3. ————: **Parol: Judgment.** The power conferred by the parol statute cannot be exercised by the court until there had been a sentence pronounced.

Error to Jasper Circuit Court.—*Hon. Howard Gray,* Judge.

REVERSED AND REMANDED.

*Clay & Sheppard* for plaintiffs in error.

(1) The court had no authority or jurisdiction to pass sentence upon the defendants at the June term, 1907, upon a plea of guilty entered at the November term, 1906. People ex rel. Smith v. Allen (Ill.), 39 N. E. 568; United States v. Wilson, 46 Fed. 748; Colby, Cr. Law, 392; People v. Morrisette, 20 How. Pr. 118; People v. Court of Sessions Sup.; 19 N. W. 508; Weaver v. People, 33 Mich. 295; People ex rel.v. Barrett, 67 N. E. 23; People v. Blackburn (Utah), 23 Pac. 759; People v. Brown, 54 Mich. 15, 19 N. W. 571.

*H. C. Compton,* for defendant in error, filed no brief.

ELLISON, J.—The defendants were proceeded against on an information by the prosecuting attorney of Jasper county for selling intoxicating liquors on Sunday and for keeping open his licensed dramshop on that day. At the November term, 1906, they pleaded guilty. On the plea being entered the record recites that "thereupon by agreement, the assessing of punishment and sentence is deferred to some future time." The defendants were permitted to go at large without bail. No further entry appears of record for that term after that just quoted. The regular February term passed with no mention of the case. At the June term, 1907, the record not showing the presence of defendants, the following appears: "The defendants in this cause having heretofore appeared on the 6th day of December, 1906, it being the 15th judicial day of the November term, 1906, of this court, and plead guilty to the crime of selling liquor on Sunday and keeping their dramshop open on said day, and by agreement assessing of punishment having been deferred to some future time, now at this day the court doth assess their punishment therefor at a fine of $100 each; and the court further orders that the license of the defendants as dramshop keepers be and the same is hereby revoked, and that said defendants be and they are hereby prohibited from obtaining a license as a drampshop keeper in Jasper county, Missouri, for a period of two years from the 6th day of December, 1906." And judgment was entered accordingly.

The defendants contend that the court was without jurisdiction to assess the punishment and to give judgment thereon. The ground of the position is that the court having passed the case over indefinitely after the plea of guilty, without any legal cause therefor, lost its

jurisdiction. The position seems to be well taken. It is supported by authority. In People v. Allen, 155 Ill. 61, the Supreme Court of that State discharged a prisoner from the penitentiary. He had entered a plea of guilty to a charge of felony, but sentence was stayed and he was allowed to depart the court without recognizance. At a subsequent term the case was docketed and he was sentenced to three years at hard labor in the penitentiary at Joliet. The court held that the trial court was without jurisdiction to impose such sentence at such subsequent term, saying that "the attempt upon the part of that court was to indefinitely suspend sentence upon the plea of guilty, and the question now is, having then withheld judgment upon the plea, and permitted the prisoner to go at liberty, without in any way requiring him to further appear in answer to the charge, had the court jurisdiction, more than three years thereafter, to cause his arrest, and pass sentence upon him? It must be admitted that, if such power remained in the court three years, it would continue indefinitely, and might be exercised at any future time; and that too, without any reason for doing so, except such as might exist in the mind of the judge causing the rearrest, and pronouncing judgment. Thus a youth charged with crime, to which he pleads guilty, may be, in effect, assured by the court before whom he enters the plea that he ought not to suffer punishment, and given his liberty, and yet, in after years, no matter what may then be his family relations or position in society, that judge, or another of the same court, may consign him to the penitentiary for any term of years within the limit fixed by law. On the other hand, the State has a right to demand, and the welfare of society requires, that those who are convicted or plead guilty to violations of the law shall be promptly and certainly punished. . . .

"Until the Legislature shall vest courts in this State with powers not now given them, it is their duty, in the trial of criminal cases, upon a conviction or plea of guilty to pronounce judgment at that time, unless, upon motion for a new trial, in arrest of judgment, or for other cause the case is continued for further adjudication and the defendant, by recognizance or being held in custody, required to continue to answer the charge. And if they fail to perform that duty, but discharge the prisoner, or permit him to go indefinitely, their power and jurisdiction over him ceases, and a subsequent sentence is without judicial authority."

In United State v. Wilson, 46 Fed. 748, it is said that "Courts have no power to suspend sentence except for short periods pending the determination of other motions or considerations arising in the cause after verdict, and when the court has by order indefinitely suspended sentence, it cannot thereafter, and especially at a subsequent term revoke such order, and proceed to judgment by sentencing the defendant." To the same effect is the opinion of Chief Justice COOLEY in People v. Brown, 54 Mich. 15; People v. Blackburn, 6 Utah 347; In re Markuson, 5 N. D. 180.

In Neal v. State, 104 Georgia 509, it was said that "The power to indefinitely postpone the punishment prescribed by the law, whether exercised by suspending the imposition or by suspending the execution of a sentence, is the power to perpetually prevent punishment—a power which, under such provisions as are found in the Constitution of this State, does not exist in the courts."

In 1903 the question again came before the Supreme Court of Illinois in the case of People v. Barrett, 67 N. E. 23, where it is elaborately discussed. That court said: "There can be no doubt that a court has the right, in a criminal cause, to delay pronouncing judgment for a reasonable time, for the purpose of hearing and de

termining motions for a new trial or in arrest of judgment, or to give the defendant time to perfect an appeal or writ of error, or for other proper causes; but to suspend indefinitely the pronouncing of the sentence after conviction, or to suspend indefinitely the execution of the judgment after sentence pronounced, is not within the power of the court. To allow such a power would place the criminal at the caprice of the judge. If the judge can delay the sentence one year, he could delay it for fifteen years, or any length of time."

We are inclined to agree to the views expressed in that quotation. It seems to us that it is an exercise of the power of pardon to withhold the sentence which the law imposes. The court is but the instrument, the arm of the law. The only power to indefinitely stay the force of that arm is lodged with another department of the government. If the power be granted, where is it to be limited? It is asserted to be a discretionary power. Therefore it would be in great part a power practically beyond control, and might be exercised in cases where the general good demanded the law's enforcement. If a court refuses to render a judgment in a civil case it may be compelled to perform that duty, and we can think of no good reason why it should not be likewise compelled to pass a sentence in a criminal case.

There are authorities, among them, People v. Court of Sessions, 141 N. Y. 288, which assert such power at common law, though the full force and necessity for that holding is much broken by the fact that there is a statute in that State permitting such suspension. The distinction there stated between a pardon and a suspension is well enough, but after reading it one is still impressed with the fact that to suspend a sentence is, for all practical purposes, to pardon.

The fact that postponing "to some future time" was done by agreement of the defendants and the State's

attorney, does not alter the status of the case. That question was considered in some of the foregoing authorities and it was held that it was a rehabilitation of the case, a conferring of jurisdiction which was beyond the power of the defendant. [Harris v. People, 128 Ill. 585; Morgan v. People, 136 Ill. 161.]

We feel fortified in the position that the power, as exercised in this case, does not exist in this State, from the consideration that we have a statute regulating parole, which is in effect a suspension of punishment. [Art. 14, chap. 16, R. S. 1899.] But it cannot be exercised by the court or judge until there has been a judgment or sentence of punishment. That statute (section 2816) reads that "any person against whom a fine has been assessed or a jail sentence been imposed by said court, or any person actually confined in jail under a judgment of a justice of the peace," may be paroled as therein provided. In the case under consideration these defendants, as already seen, have never had judgment pronounced, nor has there been any pretense of action under the parole statute.

We conclude that the defendants were sentenced without authority of the law, and hence reverse the judgment and discharge them. All concur.