## MATT COLLINS v. STATE.

No. A-4158.   Opinion Filed July 11, 1923.
(217 Pac. 896.)

(Syllabus.)

1. **Judgment and Sentence—Procedure—Judgment for Misdemeanor Pronounced in Defendant's Absence.** It is the duty of the court, on a conviction or plea of guilty, to appoint a time for pronouncing judgment. If the conviction be for a misdemeanor, judgment may be pronounced in the defendant's absence. Comp. Stats. 1921, §§ 2759, 2761, 2770.

2. **Same—Authority to Postpone Judgment and Sentence Beyond Term.** In the absence of a statute to the contrary, judgment need not necessarily be pronounced at the same term of court at which the verdict or plea of guilty was had, and if the court's purpose in postponing judgment and sentence is incident to the administration of justice within its conceded powers, and its orders postponing judgment and sentence are unconditional and to definite periods, the jurisdiction of the court to pronounce judgment and sentence at a term after the trial term is not affected.

3. **Same—No Authority to Indefinitely Suspend Pronouncing Judgment and Sentence.** While the court may delay pronouncing

judgment for the purpose of hearing and determining motions for new trial or in arrest of judgment, or for other proper causes, it cannot indefinitely suspend pronouncing judgment and sentence.

4.     **Same—Court Without Jurisdiction to Pronounce Sentence by Reason of Lapse of Time.** Appellant was found guilty in the superior court, January 18, 1917, the court appointed a time for pronouncing judgment and permitted him to stand on his bond. He moved for a new trial, and on the day appointed the case was passed for judgment until January 25, 1917; that day the court ordered proceedings stayed until such time as the defendant should be out of the custody of the U. S. Marshal. March 17, 1917, a similar order was entered. No further steps being taken during the existence of the superior court, which was abolished by act effective March 24, 1921, September 10, 1921, the county court as the successor of the superior court rendered judgment on the verdict.

Held, that, in view of the length of time, elapsing between the verdict and sentence, nearly five years, and the failure of the trial court to enter judgment at the time appointed or at the succeeding term, and as no definite time was fixed within which sentence would be pronounced in the order of the trial court entered March 17, 1917, the trial court lost jurisdiction to pronounce judgment. Therefore the county court, as the successor of the trial court, was without jurisdiction to pronounce judgment and sentence.

Appeal from County Court, Muskogee County; Enloe V. Vernor, Judge.

Matt Collins was convicted of a violation of the prohibitory liquor law, and he appeals. Reversed, and defendant discharged.

P. A. Gavin, for appellant.

George F. Short, Atty. Gen., and Leon S. Hirsh, Sp. Asst. 'Atty. Gen., for the State.

DOYLE, J. This is an appeal from a judgment of the county court of Muskogee county, rendered on the verdict of a jury returned upon the trial of appellant in the superior court of Muskogee county, finding him guilty of having in his pos-

session intoxicating liquor with intent to violate provisions of the prohibitory liquor law.

The information in this case was filed in the superior court of Muskogee county on the 15th day of September, 1916; an amended information was filed in said court on the 13th day of January, 1917. Upon the trial on the 18th day of January, 1917, the cause being submitted to a jury composed of twelve jurors, the jury by its verdict, signed by nine of its members, found appellant guilty, but they were unable to agree upon the penalty. Thereupon the court fixed January 22d as the time for sentence, and permitted defendant to stand on his bond until 9 o'clock, January 22, 1917, and ordered defendant to appear for sentence at said time. On said day the cause was passed for sentence until January 25, 1917. Defendant's motion for a new trial was duly filed.

The record recites:

"Thereafter on the 27th day of January, 1917, it appearing to the court that the defendant, Matt Collins, has been convicted of the crime of introducing intoxicating liquor, and has been sentenced by the federal court to serve a term in the penitentiary at Leavenworth, Kan., this court doth order that further proceedings in this action be stayed and continued until such time as the defendant, Matt Collins, shall be out of the custody of the United States Marshal on bond or otherwise."

On March 17, 1917, the superior court entered the following order:

"Now on this day the court being informed that defendant, Matt Collins, prior to the 25th day of January, 1917, the date set in this cause for sentence, said defendant was convicted and held for sentence in the United States District Court for the Eastern District of Oklahoma, and has since been sentenced and incarcerated in the federal penitentiary at Leavenworth, said cause is hereby suspended for sentence until such time as the defendant, Matt Collins, may come into the custody of the sheriff of this county."

The superior court of Muskogee county was abolished by act effective March 24, 1921 (Comp. Stats. 1921, § 3137), which act provided that:

"All criminal cases of which the county court * * * has jurisdiction, * * * which are now pending in said superior court are hereby transferred for hearing, trial and determination, or any other proceeding proper therein, to such county court with the same effect as if such causes had been orginally instituted therein, and such county court is hereby constituted the successor of such superior court as to all such cases so transferred." Comp. Stats. 1921, § 3137.

On September 10, 1921, in the county court, the county attorney moved for judgment on the verdict of the jury returned on the 18th day of January, 1917, in the superior court. Appellant's counsel appeared and duly objected, on the ground that the county court had no jurisdiction of the defendant, and moved that the motion for judgment be overruled upon the ground that said county court was without jurisdiction to render judgment under said verdict. Appellant's motion was denied, and against defendant's objections the county court rendered judgment on the verdict of the jury returned in the superior court, and sentenced defendant to imprisonment in the county jail for six months and to pay a fine of $500.

It also appears that, after the judgment was rendered, the county court overruled defendant's motion for a new trial that had been pending in the superior court.

It is urged by counsel for appellant that upon the record in this case, showing that the defendant did not consent to the order of continuance made by the trial judge to a future indefinite time on which sentence should be passed, and as sentence was indefinitely suspended, and as this conviction was more than four years prior to the abolishment of the superior court, said court had lost jurisdiction to sentence the de-

fendant, and therefore said case was not transferred to the county court by operation of law, and no order of transfer was ever made or entered, and the county court had no authority or jurisdiction to pronounce judgment and sentence on the verdict; that, assuming that said superior court had not lost jurisdiction to sentence the defendant, nor the county court as the successor of said superior court, then as a matter of right the defendant was entitled to have the county court pass upon his motion for a new trial before rendering the judgment appealed from.

Our Code provides that after a plea or verdict of guilty, if the judgment is not arrested or a new trial granted, the court must appoint a time for pronouncing judgment. The time appointed must be at least two days after the verdict, if the court intend to remain in session so long; or, if not, at as remote a time as can reasonably be allowed. For the purpose of judgment, if the conviction is for misdemeanor, judgment may be pronounced in the defendant's absence. Comp. Stats. 1921, §§ 2759-2761.

It further provides, if no sufficient cause be alleged or appear to the court why judgment should not be pronounced, it must thereupon be rendered. Comp. Stats. 1921, § 2770.

Under the foregoing provisions it is the duty of the court, on a conviction or plea of guilty, to impose sentence within a reasonable time. However, there can be no doubt that a court has the right to delay the pronouncement of judgment for the purpose of hearing and determining motions for a new trial or in arrest of judgment, or for other proper causes; but to suspend indefinitely the pronouncing of judgment and sentence after conviction is not within the power of the court. Grundel v. People, 33 Colo. 191, 79 Pac. 1022, 108 Am. St. Rep. 75; People ex rel. Smith v. Allen, 155 Ill. 61, 39 N. E. 568, 41 L. R. A.

373; Smith v. State, 188 Ind. 64, 121 N. E. 829, 3 A. L. R. 999; Comm. v. Maloney, 145 Mass. 205, 13 N. E. 482; People v. Kennedy, 58 Mich. 372, 25 N. W. 318; State v. Hockett, 129 Mo. App. 679, 108 S. W. 599; State ex rel. Dawson v. Sapp, 87 Kan. 740, 125 Pac. 78, 42 L. R. A. (N. S.) 249; U. S. v. Wilson (C. C.) 46 Fed. 748.

In the case of In re Flint, 25 Utah, 338, 71 Pac. 531, 95 Am. St. Rep. 853, the Supreme Court of Utah held:

"The court, by indefinitely suspending sentence, and permitting the defendant to go on his own recognizance, loses jurisdiction of him, so that it cannot afterwards have him rearrested, and sentence him; no authority therefor being given by (the statute), providing that, after a verdict of guilty, the court must appoint a time for pronouncing judgment at least two days after the verdict, if the court is to remain in session so long, and * * * providing that the court shall then so pronounce judgment, in the absence of cause for not doing so."

In People v. Reilly, 53 Mich. 260, 18 N. W. 849, Reilly was convicted of robbery October 22d, 1881, and moved for a new trial; but on February 10, 1882, sentence was indefinitely suspended, and he was admitted to bail on his own recognizance in the sum of $500, to appear in court February 14, 1882, and from day to day and term to term then and there to receive the sentence of the court. On November 28, 1882, he was sentenced to imprisonment for five years.

Champlin, Judge, said:

"I do not think it is competent for a circuit judge or other judicial officer to suspend indefinitely the sentence which the law makes it his duty to impose upon a person duly convicted, or who may plead guilty in his court. The effect of suspending sentence operates as a quasi pardon. It relieves the offender for the time being from the punishment which the law has prescribed shall be inflicted. The pardoning power under our Constitution is reposed in the Governor, and not in the judges. It is for the Governor to say whether the criminal shall be relieved from the infliction of the penalty due to his

crime. The Constitution having vested this power in the Governor, it cannot be exercised by the circuit judges indirectly by letting the prisoner to' bail on recognizance to appear when required to receive sentence. A stay of sentence may be granted where a certiorari is sued out, or when a writ of error is obtained for the purpose of review by the higher courts. Temporary stay may also be granted where steps are taken for a new trial; but all these are steps in the progress of the case, taken for the purpose of bringing about a change in the result.

"In this case, Reilly was convicted October 22, 1881. He moved for a new trial, which was denied February 14, 1882. He took no steps to obtain a review by the Supreme Court; but on February 10, 1882, he gave his personal recognizance in the penal sum of $500 to appear in court on the 14th day of February, 1882, and from day to day, and from term to term, then and there to receive the sentence of the court. On October 30, 1882, the prosecuting attorney moved for judgment, and the court continued the same for consideration until the next term, and on November 28, 1882, sentenced Reilly· to be imprisoned at Jackson at hard labor for four years. It thus appears that over a year elapsed, after Reilly was convicted of the crime of larceny from the person, before he was sentenced. During a large portion of the time he had been suffered to go at large upon his own recognizance. If the judge entertained serious doubts of his guilt, he should have recommended the governor to pardon the respondent; and if he entertained no serious doubts of his guilt, he should have pronounced judgment instead of setting the criminal at large upon his own recognizance. If such power can be exercised by a judge, it incorporates into our administration of the criminal law the 'tick-of-leave' system of the English judicature, without its surveillance and checks, and places the criminal at the caprice of the judge, subject to be called up for sentence at any time. If the judge can delay the sentence one year, I do not see why he may not 15 years. An exercise of such power in this age would be no less revolting to our sense of justice than was the exercise of such power in the reign of James I., when he sent Sir Walter Raleigh to the block 15 years after his conviction."

In People v. Barrett, 202 Ill. 299, 67 N. E. 27, 63 L. R. A. 82, 95 Am. St. Rep. 230, it is said:

"Long and unreasonable delays in passing upon motions for new trials or in arrest of judgment are calculated to obstruct the administration of public justice and to operate as a denial of the right of the citizen to a speedy trial. It is said, however, in this case, that all the delay was with the consent of the relator, and that he cannot now be heard to complain. It cannot, of course, be contended that the doctrine of estoppel has any application here, nor can it be held that the relator could waive any requirement respecting the jurisdiction of the court to enter judgment and pronounce the sentence. If the court had no power thus indirectly to suspend sentence and to permit the relator to go at large upon his own recognizance or upon parole, such power could not be conferred by his consent nor by his express request. Harris v. People, 128 Ill. 585, 15 Am. St. Rep. 153, 21 N. E. 563; Morgan v. People, 136 Ill. 161, 26 N. E. 651. The rendering of judgment and the final sentencing of the defendant cannot be made a mere matter of discretion with the judge or the public prosecutor, nor to depend upon the subsequent conduct of the convicted person. If it were so, what subsequent conduct would demand or justify the pronouncing or the withholding of the sentence? And who would determine its character? Such conduct might be innocent in itself yet offensive to those in whom the power to apprehend or to punish resided. The liberty of the citizen cannot, in a free country, be made to depend for its security on the arbitrary will of any public officer; it can be taken from him by due process of law only."

The case of Beaubein v. State, 13 Okla. Cr. 440, 165 Pac. 213, is cited by the state in support of its contention that the trial court did not lose jurisdiction of the defendant. In that case the verdict was returned September 2, 1915, and the court appointed September 13, as the time for judgment. Defendant filed a motion for a new trial, which was pending until October 25, 1915, when the motion was overruled and judgment rendered; appellant at the time objecting to the jurisdiction of the court to render judgment because the term at which the verdict was returned had expired by operation

of law, and that the court did not pronounce judgment at the time appointed. The record recited that on the day appointed for pronouncing judgment the defendant was a fugitive. It was held that, under the sections of the statute above quoted, if the court is unable to render judgment at the same term of court at which the verdict of guilty is returned, it may be rendered at a subsequent term, citing the case of Ex parte Sparks, 9 Okla. Cr. 665, 132 Pac. 1118, as controlling. In the Sparks Case it was held:

"The statute does not require that a judgment must of necessity be pronounced at the same term of the court at which a verdict of guilty in a criminal case is rendered. If the court is unable to render judgment at such term, it may be rendered at a subsequent term."

In the Beaubein Case it was also held that it is discretionary with the court in misdemeanor cases to pronounce judgment in the absence of the defendant.

It seems to be well settled that, in the absence of a statute to the contrary, sentence need not necessarily be imposed at the same term of court at which the verdict or plea of guilty was had, and, if the court's purpose in postponing the imposition of sentence is incident to the administration of justice within its conceded powers, and its orders postponing sentence are unconditional and to definite periods, the jurisdiction of the court to impose sentence at a term after the trial term is not affected. Miner v. U. S., 244 Fed. 422, 157 C. C. A. 48, 3 A. L. R. 995, and see Editor's Annotation, 3 A. L. R. 1012.

Upon a careful review of the record in this case we are convinced that the trial court lost jurisdiction to pronounce judgment on the verdict returned on January 18, 1917. By the order of the trial court entered on March 17, 1919, no definite time was fixed within which sentence should be pro-

nounced. The failure of the trial court to enter judgment at the time appointed or when the order of postponement was made, or at the succeeding term, was, we think, a practical abandonment of the prosecution, and the trial court having failed to exercise its power to pronounce judgment in the defendant's absence in term time, or during the succeeding term, or to enter proper orders postponing the time when sentence should be pronounced, lost jurisdiction to pronounce judgment on said verdict long before said court was abolished.

It follows that the county court, as the successor of said superior court, had no authority or jurisdiction to pronounce judgment and sentence on the verdict.

Having reached this conclusion it is unnecessary to review the other questions presented by the record.

For the reasons stated, the judgment of the county court herein is reversed, and the defendant discharged.

BESSEY, J., concurs.

MATSON, P. J., absent and not participating.