DAVE WILLARD v. STATE.

No. A-9544. Aug. 18, 1939.

(94 P. 2d 13.)

Clay Snodgrass, of Altus, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for the State.

DOYLE, P. J.   The information in this case filed in the county court of Greer county April 7, 1933, charged that in said county on or about the 6th day of April, 1933, defendant did then and there have in his possession six

gallons of beer and half gallon of whisky, with the unlawful intent to sell the same. On the same day he was duly arraigned and entered a plea of not guilty. Thereafter, on January 20, 1936, defendant withdrew his plea of not guilty, and pleaded guilty. Thereafter, on the 25th day of February, 1938, defendant filed a motion for permission to withdraw his plea of guilty, entered on the 20th day of January, 1936, on the ground, among others:

"That the court was and is without authority to suspend indefinitely and for a period of years, the pronouncing of the sentence herein after the plea of guilty, or to suspend the execution of the judgment; and that by reason of the lapse of time since the conviction of the defendant and the application of the state for a sentence and judgment of conviction, this court has lost jurisdiction to enter judgment upon said plea of guilty."

That on the same day a hearing was had, and the defendant as a witness in his own behalf testified, in substance, as follows: That when he entered his plea of guilty on January 20, 1936, it was his understanding with the court and county attorney, at that time, that he was to report on the 1st day of May that year to begin his sentence of 30 days and pay a $50 fine; that in accordance with his understanding he reported to the sheriff's office on that day, and was placed in the jail by the sheriff; that on the second day after he was placed in jail, he was riding in the county truck going out to work, and a car hit the county truck, and overturned the same, at which time he lost one finger and later lost another, and suffered other injuries to his back, for which he was taken to the hospital by the sheriff. That he spent 36 days in the hospital; that when he was released he was told by the sheriff to go home and forget all about it, which he did. That there was no other action taken in the matter after his injury until this hearing was held.

Thereupon the court made the following order:

"1. On April 7, 1933, an information was filed in the case charging the defendant with the unlawful possession of intoxicating liquors.

"2. The defendant plead not guilty, but after various continuances, and on the 20th day of January, 1936, the defendant withdrew his plea of not guilty and instead plead guilty, and at that time the court fixed May 1, 1936, as the time for passing formal sentence.

"It appears to the court that the defendant has never been formally sentenced, but on May 1, 1936, the defendant surrendered himself to the sheriff of Greer county, Okla., for the purpose of serving any sentence the court might impose upon him. It is true the sheriff made an error in accepting the defendant until formal sentence had been passed. It is true the defendant made error that time.

"It appears that immediately after the sheriff took custody of the defendant that he was put on a road gang and through some kind of car accident or collision, the car in which the defendant was riding was turned over, and the defendant suffered severe personal injuries. That, as a result thereof, defendant spent 36 days in the hospital. That the sheriff made no further attempt to restrain the defendant. It appears that from that time on until February 18, 1938, the matter has been allowed to rest as far as the records of this court show.

"The state now insists it is the mandatory duty of this court to pass sentence upon the plea of guilty entered in 1936. The defendant claims by reason of the lapse of time and by reason of the fact that he suffered a severe personal injury while theoretically in the custody of the sheriff, that it would be a great injustice to sentence him now.

"The argument has been interesting, but it appears to the court there is only one question involved: Whether or not this court has lost jurisdiction. There is no question but that the court once had jurisdiction. The question now is whether or not it has lost it. The defendant has cited the case of People v. Berry, 202 Ill. 287, 67 N. E. 23, 63 L.R.A. 82, 95 Am. St. Rep. page 230, in which the court says: 'To allow such a power would place the criminal at the caprice of the judge.' The state cites the case

of Stuckey v. State, 47 Okla. Cr. 423, 288 P. 394, wherein the court declared passing sentence for eleven months and eleven days.

"This court has discretion to impose a minimum punishment on the defendant, but, otherwise, any matter of mercy or leniency should be presented to the executive branch of government, not the judicial. For the reason that the plea of guilty has foreclosed the question of guilt, no appeal will lie from that. The defendant simply plead guilty and has never been sentenced. Notwithstanding the delay and misfortune suffered by the defendant, this court rules that it still has jurisdiction and it is the duty of the court to pass sentence on the defendant.

"However, the court appreciates that if this is a void judgment habeas corpus will lie, but for habeas corpus to be available, the defendant must first be imprisoned. The court would hate to cause a man to be imprisoned under a void judgment, however, if, on the facts as given, this court now has no jurisdiction, the Criminal Court of Appeals will issue a writ of prohibition, prohibiting this court from proceeding further, and now the court insists it has jurisdiction, and unless restrained by an order of the Criminal Court of Appeals, this court proposes and will on Monday, the 21st day of March, 1938, at ten o'clock a. m. pass a formal sentence on the defendant.

"In the meantime, let the defendant remain at liberty on his original appearance bond.

"Said motion to withdraw plea of guilty and plead not guilty at this time is overruled.

"Mr. Snodgrass: Give us an exception.

"The Court: Exception allowed."

Thereupon the defendant filed a motion for a new trial, on the following grounds: That the court erred in refusing to permit the defendant to withdraw his plea of guilty; that the court erred in overruling the defendant's plea to the jurisdiction and right of this court to enter judgment upon said plea of guilty; that the court was and is without jurisdiction by reason of lapse of time to enter judgment upon said plea of guilty.

On March 29, 1938, motion for new trial was overruled. Thereupon the court rendered judgment and sentenced the defendant to confinement in the county jail for 30 days and to pay a fine of $50 and the costs.

It is urged by counsel for appellant that upon the record in this case, showing that the long interval of two years and one month intervened between the entering of his plea of guilty and the rendition of the judgment thereon, was tantamount to an abandonment of the action, and that the court thereby lost jurisdiction to enter a judgment on the plea of guilty.

The Code of Criminal Procedure provides that after a plea or verdict of guilty, if the judgment is not arrested or a new trial granted, the court must appoint a time for pronouncing judgment. The time appointed must be at least two days after the verdict, if the court intends to remain in session so long; if not, at as remote a time as can reasonably be allowed. For the purpose of judgment, if the conviction is for misdemeanor, judgment may be pronounced in the defendant's absence. Sections 3125, 3126 and 3127, Sts. 1931, 22 Okla. St. Ann. §§ 961, 962 and 963.

It further provides that if no sufficient cause be alleged or appear to the court why judgment should not be pronounced, it must thereupon be rendered. Section 3136, Sts. 1931, 22 Okla. St. Ann. § 972.

In the case of Collins v. State, 24 Okla. Cr. 117, 217 P. 896, 897, it is said:

"Under the foregoing provisions it is the duty of the court, on a conviction or plea of guilty, to impose sentence within a reasonable time. However, there can be no doubt that a court has the right to delay the pronouncement of judgment for the purpose of hearing and determining motions for a new trial or in arrest of judgment, or for other proper causes; but to suspend indefinitely the pronouncing of judgment and sentence after conviction is not within the power of the court. Grundel v. People, 33

Colo. 191, 79 P. 1022, 108 Am. St. Rep. 75; People ex rel. Smith v. Allen, 155 Ill. 61, 39 N. E. 568, 41 L.R.A. 473; Smith v. State, 188 Ind. 64, 121 N. E. 829, 3 A.L.R. 999; Com. v. Maloney, 145 Mass. 205, 13 N. E. 482; People v. Kennedy, 58 Mich. 372, 25 N. W. 318; State v. Hockett, 129 Mo. App. 639, 108 S. W. 599; State ex rel. Dawson v. Sapp, 87 Kan. 740, 125 P. 78, 42 L.R.A., N. S., 249; U. S. v. Wilson (C. C.) 46 F. 748. [In re Flint, 25 Utah 338, 71 P. 531, 95 Am. St. Rep. 853; People v. Reilly, 53 Mich. 260, 18 N. W. 849]."

In People v. Barrett, 202 Ill. 287, 67 N. E. 23, 24, 63 L.R.A. 82, 95 Am. St. Rep. 230, it is said:

"There can be no doubt that a court has the right, in a criminal cause, to delay pronouncing judgment for a reasonable time, for the purpose of hearing and determining motions for a new trial or in arrest of judgment, or to give the defendant time to perfect an appeal or writ of error, or for other proper causes; but to suspend indefinitely the pronouncing of the sentence after conviction, or to suspend indefinitely the execution of the judgment after sentence pronounced, is not within the power of the court. To allow such a power would place the criminal at the caprice of the judge. If the judge can delay the sentence one year, he could delay it for 15 years, or any length of time. * * * In * * * People v. Reilly, 53 Mich. 260, 18 N. W. 849. * * * Champlin, J., said: 'I do not think it is competent for a circuit judge or other judicial officer to suspend indefinitely the sentence which the law makes it his duty to impose upon a person duly convicted or who may plead guilty in his court. The effect of suspending sentence operates as a quasi pardon. It relieves the offender for the time being from the punishment which the law has prescribed shall be inflicted. The pardoning power, under our Constitution, is reposed in the Governor, and not in the judges. * * * The Constitution having vested this in the Governor, it cannot be exercised by the circuit judge indirectly by letting the prisoner to bail on recognizance to appear when required, to receive sentence. A stay of sentence may be granted when a certiorari is sued out or when a writ of error is obtained for the purpose of review by the higher courts. Temporary stay may also be granted where steps are taken for a new trial. But all these are steps in the progress of the case,

taken for the purpose of bringing about a change in the result. \* \* \* It appears that over a year elapsed after Reilly was convicted of the crime of larceny from the person before he was sentenced. During a large portion of the time he had been suffered to go at large upon his own recognizance. If the judge entertained serious doubts of his guilt, he should have recommended the Governor to pardon the respondent, and, if he entertained no serious doubts of his guilt, he should have pronounced judgment, instead of setting the criminal at large on his own recognizance. If such power can be exercised by a judge, it incorporates into our administration of the criminal law the ticket of leave system of the English judicature, without its surveillance and checks, and places the criminal at the caprice of the judge, subject to be called up for sentence at any time. If the judge can delay sentence one year, I do not see why he may not 15 years. An exercise of such power in this age would be no less revolting to our sense of justice than was the exercise of such power in the reign of James I, when he sent Sir Walter Raleigh to the block 15 years after his conviction.' \* \* \*

"The foregoing cases are quoted with approval by the Supreme Court of Georgia in Neal v. State, 104 Ga. 509, 30 S. E. 858, 42 L.R.A. 190, 69 Am. St. Rep. 175, where the court says: 'The power to indefinitely postpone the punishment prescribed by the law, whether exercised by suspending the imposition or by suspending the execution of a sentence, is the power to perpetually prevent punishment—a power which, under such provisions as are found in the Constitution of this state, does not exist in the courts.' \* \* \* In People ex rel. Smith v. Allen, 155 Ill. 61, 39 N. E. 568, 41 L.R.A. 473. \* \* \* It was held, after a review of the authorities, that it was the duty of the courts, in criminal cases, 'upon a conviction or plea of guilty, to pronounce judgment at that time, unless, upon motion for new trial, in arrest of judgment, or for other cause, the case is continued for further adjudication, and the defendant, by recognizance or being held in custody, required to continue to answer the charge, and if they fail to perform that duty, but discharge the prisoner or permit him to go indefinitely, their power and jurisdiction over him cease, and a subsequent sentence is without judicial authority.' \* \* \*

"Long and unreasonable delays in passing upon motions for new trials or in arrest of judgment are calculated to obstruct the administration of public justice, and to operate as a denial of the right of the citizen to a speedy trial. It is said, however, in this case, that all the delay was with the consent of the relator, and that he cannot now be heard to complain. It cannot, of course, be contended that the doctrine of estoppel has any application here; nor can it be held that the relator could waive any requirement respecting the jurisdiction of the court to enter judgment and pronounce the sentence. If the court had no power thus indirectly to suspend sentence and to permit the relator to go at large upon his own recognizance or upon parole, such power could not be conferred by his consent, nor by his express request. Harris v. People, 128 Ill. 585, 21 N. E. 563, 15 Am. St. Rep. 153; Morgan v. People, 136 Ill. 161, 26 N. E. 651. The rendering of judgment and the final sentencing of the defendant cannot be made a mere matter of discretion with the judge or the public prosecutor, nor to depend upon the subsequent conduct of the convicted person. If it were so, what subsequent conduct would demand or justify the pronouncing or the withholding of the sentence? And who would determine its character? Such conduct might be innocent in itself, yet offensive to those in whom the power to apprehend or to punish resided. The liberty of the citizen cannot, in a free country, be made to depend for its security on the arbitrary will of any public officer. It can be taken from him by due process of law only."

In the case of Mintie v. Biddle, 15 F. 2d 931, the Circuit Court of Appeals, Eighth Circuit, held:

"If court's jurisdiction to impose sentence is lost because of indefinite postponement without any order of continuance for some four terms, question of prisoner's consent thereto is immaterial."

In White v. State, 45 Okla. Cr. 289, 283 P. 581, 582, it is said:

"The objection of the defendant to the court in passing sentence upon him at the time it did was well taken. Following the rule laid down in Collins v. State, 24 Okla. Cr. 117, 217 P. 896 we hold that, in view of the length of time elapsing between the plea of guilty entered by the

defendant, which was more than two years, and the failure of the court to enter judgment at the time appointed or at any succeeding term and as no definite time was fixed in which the defendant should appear for sentence, the prosecution was abandoned and the court was without jurisdiction to pronounce the judgment and sentence."

In the case at bar all the record shows is that after defendant pleaded guilty no further order was made in the case for some twenty-five months and in the meantime four terms of court had passed before judgment was rendered.

It is suggested that the delay which occurred between the plea and the judgment must be deemed to have occurred with the consent of the defendant, and that he may not complain.

We think that when judgment is postponed indefinitely, without any order of continuance, for some four terms, then no question of consent can be of aid in the case even if it be conceded that what took place was tantamount to defendant's consent to the initial deferment of judgment and sentence.

When it appears that judgment and sentence was not deferred to a day certain or to a term certain, it was in effect deferred indefinitely, because the trial court omitted to make any order deferring judgment and sentence.

It follows from the foregoing review and what is said, that the judgment must be reversed and the cause remanded to the county court of Greer county with direction to dismiss, and so it is ordered.

DAVENPORT, J., concurs. BAREFOOT, J., absent.