# JOHN WHITE v. STATE.

No. A-6933.   Opinion Filed Nov. 30, 1929.
(283 Pac. 581.)

N. S. Corn, for plaintiff in error.
J. Berry King, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was sentenced to the reformatory at Granite, Okla., for three years, and has appealed by transscript, upon the following agreed statements of facts, omitting the caption:

## "Stipulation.

"It is hereby agreed and stipulated by and between S. B. Laune, county attorney in and for said county and state, and N. S. Corn, attorney for the defendant, John White, in above numbered and styled cause of action, that the following statements, as hereinafter set forth shall be submitted to the court and the said cause above numbered and styled shall be tried, heard and passed upon according to said agreement and stipulation.

## "Agreed Statement of Facts.

"That the defendant, John White, was charged on the 5th day of June, A. D. 1925, with the crime of forgery, by information in the district court of Woodward county, Oklahoma, and that on the 14 day of Sept. A. D. 1925, the said defendant appeared in open court and entered a plea of guilty to said charge, and was thereupon required to pay the costs, pay the prosecuting witness the sum of $15.00, the amount of the forged check and was then and there paroled without judgment and sentence being passed upon him and released on his own recognizance without further judgment and sentence being passed, without requiring the defendant to make any report to the court at any subsequent date and without setting any date for further judgment and sentence.

"On the 17th day of December, A. D. 1927, the court issued an alias bench warrant and cited the defendant to appear before the court on the 2nd day of January, A. D. 1928, for the purpose of having judgment and sentence passed upon him.

"Dated and signed, this the 9th day of January, A. D. 1928. S. B. Laune, County Attorney of Woodward

County, Oklahoma. N. S. Corn, Attorney for the Defendant."

As shown by the agreed statement of facts, the defendant, on the 14th day of September, 1925, entered his plea of guilty to the charge of forgery, and was required by the court to pay the costs, and to pay the prosecuting witness the sum of $15, and paroled without judgment and sentence on his own recognizance, without requiring the defendant to make any report to the court at any subsequent time and without fixing any date in the future for judgment and sentence.

It further appears that on the 27th day of December, 1927, the court issued an alias bench warrant, and cited the defendant to appear on the 2d day of January, 1928, for the purpose of having judgment and sentence passed upon him. On the 2d day of January, 1928, the defendant appeared and objected to the jurisdiction of the court on the ground that the court had lost its jurisdiction, it having been more than two years since his plea of guilty was entered and he paid the prosecuting witness the $15 and the costs to the court, the court having permitted him to go without day, not fixing any time for sentence or any requirement for the defendant to appear in court.

The objection of the defendant to the court in passing sentence upon him at the time it did was well taken. Following the rule laid down in Collins v. State, 24 Okla. Cr. 117, 217 Pac. 896, we hold that, in view of the length of time elapsing between the plea of guilty entered by the defendant, which was more than two years, and the failure of the court to enter judgment at the time appointed or at any succeeding term and as no definite time was fixed in which the defendant should appear for sentence, the prosecution was abandoned and the court was

without jurisdiction to pronounce the judgment and sentence.

For the reason stated, the judgment of the district court is reversed, with directions to discharge the defendant.

EDWARDS, P. J., and CHAPPELL, J., concur.