## Ex parte HARRY COLEY.

No. A-9751. Oct. 12, 1939.

(94 P. 2d 968.)

A. A. Criswell, Raymond Criswell, and J. T. Criswell, all of Wewoka, for petitioner.

Mac Q. Williamson, Atty. Gen., and John M. Stanley, Co. Atty., and Charles S. Carl, Asst. Co. Atty., both of Wewoka, for the State.

BAREFOOT, J. The petitioner, Harry Coley, on the 23rd day of September, 1939, filed in this court his petition seeking a writ of habeas corpus. He alleged that he was unlawfully restrained of his liberty by reason of his imprisonment in the county jail of Seminole county by Charley Dove, sheriff of said county.

Upon the filing of the petition the court declined to issue the writ but ordered that a rule to show cause be entered as to why the writ should not be awarded, and was made returnable on October 3, 1939.

No response has been filed by the state, but on the date set, attorneys for petitioner, and Charles S. Carl, assistant county attorney of Seminole county, appeared and an agreed statement of facts was presented, which was as follows:

"On the 21st day of March, 1938, in the County Court within and for Seminole County, State of Oklahoma, there was pending before said court the following cases, to wit:

Cause No. 5557—State of Oklahoma vs. Harry Coley.
"      "    5551—    "      "      "      ..      "      "
"      "    5519—    "      "      "      "      "      "
"      "    5534—    "      "      "      "      "      "
"      "    5543—    "      "      "      "      "      "
"      "    5549—    "      "      "      "      "      "
"      "    5556—    "      "      "      "      "      "
"      "    5557—    "      "      "      "      "      "

on which day said petitioner appeared before said court in person and entered a plea of guilty to each of said charges, and judgment and sentence day was on said date set for the 4th day of April, 1938.

"On April 4, 1938, judgment and sentence day for all defendants, including petitioner herein, was postponed and continued to the 2nd day of June, 1939; that thereafter no other or further proceedings or actions were had or taken in said cases pending before said county court by either the County Judge, County Attorney, or attorneys for the defense until the 26th day of Sep-

tember, 1939, at which time judgment and sentence was pronounced on the plea of guilty in each of said cases, and said petitioner was committed to the custody of the Sheriff of said County, Charley Dove.

"That the petitioner on March 21, 1938, was released without bond and given his freedom from said date until said judgment and sentences were pronounced as aforesaid.

"It is further agreed and stipulated that all parties hereby waive formal appearance of the petitioner, Harry Coley, and the Sheriff of Seminole county, Charley Dove, before the Criminal Court of Appeals on the 3rd day of October, 1939, at 10:00 o'clock a. m.

"Dated and signed this 3rd day of October, 1939.

"John M. Stanley, County Attorney of Seminole County, Oklahoma.

"(Signed)                                    By: Charles S. Carl,
                                                          Assistant."

The application upon the above agreed statement of facts was presented to the court. The assistant county attorney did not contest the petition but admitted that in his opinion the county court of Seminole county had lost jurisdiction, and the writ should be awarded.

By the agreed statement of facts, it is revealed that on the 21st day of March, 1938, there were pending, in the county court of Seminole county, eight cases in which petitioner was charged with a violation of the law. That on this date he appeared before the county court and entered his plea of guilty to each of said charges. The court did not at this time pass sentence, but set the 4th day of April, 1938, as date for sentence. On that date the court entered an order postponing the sentence until the 2nd day of June, 1938. That on this date no action was taken by the court, and no order was entered postponing the date of sentence. No further action was taken

until on the 26th day of September, 1939, at which time petitioner, who was released on his own recognizance on March 21, 1938, was brought before the court, at which time judgment and sentence was pronounced in each of said eight cases, and petitioner was committed to the custody of the sheriff of Seminole county. It is admitted that from June 2, 1938, to September 26, 1939, the July, 1938, the January, 1939, and a part of the July, 1939, terms of the county court of Seminole county had expired before judgment and sentence was pronounced against the petitioner.

The statutes which govern the execution of judgment and sentence are: Oklahoma Statutes 1931, sections 3125-3127, 22 Okla. St. Ann., §§ 961, 962, and 963, which are as follows:

"After a plea or verdict of guilty, or after a verdict against the defendant on a plea of a former conviction or acquittal, if the judgment is not arrested or a new trial granted, the court must appoint a time for pronouncing judgment."

"The time appointed must be at least two days after the verdict, if the court intend to remain in session so long; or, if not, at as remote a time as can reasonably be allowed."

"For the purpose of judgment, if the conviction is for misdemeanor judgment may be pronounced in the defendant's absence."

These statutes have been construed by this court in two cases that are almost identical with the facts in the instant case. These cases are: Collins v. State, 24 Okla. Cr. 117, 217 P. 896, and White v. State, 45 Okla. Cr. 289, 283 P. 581.

In the Collins Case it is said [24 Okla. Cr. 117, 217 P. 897]:

"Under the foregoing provisions it is the duty of the court, on a conviction or plea of guilty, to impose sen-

tence within a reasonable time. However, there can be no doubt that a court has the right to delay the pronouncement of judgment for the purpose of hearing and determining motions for a new trial or in arrest of judgment, or for other proper causes; but to suspend indefinitely the pronouncing of judgment and sentence after conviction is not within the power of the court. Grundel v. People, 33 Colo. 191, 79 P. 1022, 108 Am. St. Rep. 75; People ex rel. Smith v. Allen, 155 Ill. 61, 39 N.E. 568, 41 L.R.A. 473; Smith v. State, 188 Ind. 64, 121 N.E. 829, 3 A.L.R. 999; Comm. v. Maloney, 145 Mass. 205, 13 N.E. 482; People v. Kennedy, 58 Mich. 372, 25 N.W. 318; State v. Hockett, 129 Mo. App. 639, 108 S.W. 599; State ex rel. Dawson v. Sapp, 87 Kan. 740, 125 P. 78, 42 L.R.A., N.S., 249; United States v. Wilson, C.C., 46 F. 748.

"In the case of In re Flint, 25 Utah, 338, 71 P. 531, 95 Am. St. Rep. 853, the Supreme Court of Utah held:

" 'The court, by indefinitely suspending sentence, and permitting the defendant to go on his own recognizance, loses jurisdiction of him, so that it cannot afterwards have him rearrested, and sentence him; no authority therefor being given by (the statute), providing that, after a verdict of guilty, the court must appoint a time for pronouncing judgment at least two days after the verdict, if the court is to remain in session so long, and * * * providing that the court shall then so pronounce judgment, in the absence of cause for not doing so.'

"In People v. Reilly, 53 Mich. 260, 18 N.W. 849, Reilly was convicted of robbery October 22d, 1881, and moved for a new trial; but on February 10, 1882, sentence was indefinitely suspended, and he was admitted to bail on his own recognizance in the sum of $500, to appear in court February 14, 1882, and from day to day and term to term then and there to receive the sentence of the court. On November 28, 1882, he was sentenced to imprisonment for five years.

"Champlin, Judge, said:

" 'I do not think it is competent for a circuit judge or other judicial officer to suspend indefinitely the sentence which the law makes it his duty to impose upon a person duly convicted, or who may plead guilty in his court. The effect of suspending sentences operates as a

quasi pardon. It relieves the offender for the time being from the punishment which the law has prescribed shall be inflicted. The pardoning power under our Constitution is reposed in the Governor, and not in the judges. It is for the Governor to say whether the criminal shall be relieved from the infliction of the penalty due to his crime. The Constitution having vested this power in the Governor, it cannot be exercised by the circuit judges indirectly by letting the prisoner to bail on recognizance to appear when required to receive sentence. A stay of sentence may be granted where a certiorari is sued out, or when a writ of error is obtained for the purpose of review by the higher courts. Temporary stay may also be granted where steps are taken for a new trial; but all these are steps in the progress of the case, taken for the purpose of bringing about a change in the result."

The facts in the instant case are very similar to the ones above cited. To permit the courts to indefinitely postpone the sentence is placing in the hands of the judge the pardoning power. The law of this state does not permit this. Sentence need not necessarily be imposed at the same term of court at which the verdict or plea of guilty was had, and, if the court's purpose in postponing the imposition of sentence is incident to the administration of justice within its conceded powers, and its orders postponing sentence are unconditional and to definite periods, the jurisdiction of the court to impose sentence at a term after the trial term is not affected. But in the case at bar, several terms of court had passed and no order was entered postponing the pronouncement of judgment and sentence. The court, under the law, had lost jurisdiction.

There is a distinction to be drawn between the facts in the Collins Case, the White Case, the instant case, and the case of Ex parte Eldridge, 3 Okla. Cr. 499, 106 P. 980, 27 L.R.A., N.S., 625, 139 Am. St. Rep. 967. In that case and the cases following it, the judgment and sentence had been rendered and for this reason the court had not lost jurisdiction. In the instant case the court had never

pronounced judgment and sentence until the subsequent terms of court had expired.

For the reasons above stated, we are of the opinion that the writ should be granted and petitioner discharged.

The clerk of this court is hereby directed to send a certified copy of this opinion to the sheriff of Seminole county, and upon receipt of same petitioner should be discharged.

DOYLE, P. J., and DAVENPORT, J., concur.