Ex parte RAYMOND HASTINGS.

No. A-9907.   Aug. 28, 1940.
(105 P. 2d 270.)

Forrest Powell, of Edmond, for petitioner.

DOYLE, P. J. Petitioner, Raymond Hastings, filed in this court on July 26, 1940, his petition for writ of habeas corpus, wherein he alleged that he was unlawfully

imprisoned and restrained of his liberty by George Goff, sheriff of Oklahoma county, and in which he prayed for a writ of habeas corpus, to be directed to said sheriff; that the cause of said restraint is a commitment issued by Guy Bigham, justice of the peace for Edmond city district, Oklahoma county, and alleges that the said justice of the peace was without jurisdiction to issue commitment for the following reasons:

That the complaint upon which the warrant issued was verified by E. N. Kelley, and was not submitted to the county attorney or drawn by him, and was not endorsed by him as by law required prior to the issuance of a warrant, and the complaining witness did not file a bond, conditioned to pay all costs, as provided by law. Sec. 3362, St. 1931, 39 Okla. St. Ann. § 528.

That petitioner is a minor and did whatever was required of him, but at no time admissed or entered a plea of guilty as now shown by the record in the case; that he was deprived of his constitutional rights of a fair trial by the acts of the said justice of the peace, and being ignorant of his rights did not know that the proceedings were void by reason of no legal charge or complaint having been filed against him.

On the presentation of said petition, a rule to show cause was duly entered and issued, returnable August 28, 1940, and petitioner was ordered enlarged upon his own recognizance.

In Newton v. State, 14 Okla. Cr. 226, 170 P. 270, 272, construing section 3362, supra, it is said:

"It provides a method whereby a private citizen may institute a criminal prosecution by a verified complaint, but if said complaint is not submitted to the county attorney with a statement of the facts that can be proven,

and if it does not receive his indorsement that he has examined the facts and recommends that a warrant shall issue, then the prosecuting witness is required to put up a bond for costs as a deterrent against malicious or unwarranted prosecutions. In this way prosecutions by duly verified complaint in the name of and by the authority of the state are secured."

No return or response has ever been made to the rule to show cause.

Section 689, St. 1931, 12 Okla. St. Ann. § 1338, requires that the sheriff or other person to whom the writ directed shall make immediate return thereof, and if such officer neglect or refuse to make return, after due service, or shall refuse or neglect to obey the writ by producing the party named therein, and no sufficient excuse is shown for such neglect or refusal, the court shall enforce obedience by attachment.

Section 690, 12 Okla. St. Ann. § 1339, provides that the return must be signed and verified by the person making it, who shall state:

First. The authority or cause of restraint of the party in his custody.

Second. If the authority be in writing, he shall return a copy and produce the original on the hearing.

Third. If he has had the party in his custody or under his restraint, and has transferred him to another, he shall state to whom, the time, place and cause of the transfer.

Section 691, 12 Okla. St. Ann. § 1340, provides that the petitioner may except to the sufficiency of or controvert the return, or any part thereof, with other provisions not necessary to here mention.

Section 692, 12 Okla. St. Ann. § 1341, is to the effect that upon the issues joined the court or judge shall proceed

in a summary way to hear and determine the cause, and if no legal cause be shown for the restraint, or for a continuance thereof, shall discharge the petitioner.

The petition, duly verified, on its face shows that petitioner, Raymond Hastings, on the date thereof was illegally restrained of his liberty, and as the sheriff in whose custody he was restrained has failed to make any return or offer an excuse for failure so to do, the petitioner should be discharged. While this court has ample power to enforce obedience to its order by attachment, and require that the sheriff shall make return to the writ, we are not required to do so, but may proceed in a summary way to determine the cause upon the verified and undenied petition. Ex parte Owens, 37 Okla. Cr. 118, 258 P. 758; Ex parte Pruitt, 31 Okla. Cr. 294, 238 P. 501.

From a consideration of the petition and numerous exhibits attached thereto, it is obvious that the petitioner was on the date complained of unlawfully restrained of his liberty and should be discharged, and it is so ordered.

BAREFOOT and JONES, JJ., concur.