## Ex parte E. H. HAWKINS.

No. A-9929.   Oct. 31, 1940.
(106 P. 2d 1112.)

Don Cameron, of Oklahoma City, for petitioner.

JONES, J. E. H. Hawkins filed his petition for writ of habeas corpus in this court, wherein he alleges that he is unlawfully imprisoned and restrained in the county jail of Oklahoma county by George Goff, sheriff of Oklahoma county; that the cause of said restraint is a commitment issued by the county court of Oklahoma county, Okla., in cause No. 9403, in said court, on August 21, 1940, which sentence was imposed after the petitioner was arrested by said sheriff upon an alleged commitment issued on October 5, 1932, in said cause; that some 34 terms of said court had passed after said cause last appeared on the docket of the county court of Oklahoma county.

Petitioner further alleges that said restraint is illegal in that the purported commitment is void and a nullity, and the judgment and sentence entered by the court is illegal for the reason that the county court had lost jurisdiction of said cause, because the time for pronouncement of judgment and sentence had passed on April 2, 1932, without the pronouncement of judgment and sentence, and no further order continuing the time for pronouncement

of judgment and sentence was ever made subsequent to that date.

A copy of the original files of said case, including a certified copy of the appearance docket, is made a part of said petition. These exhibits show that an information was filed against the defendant on June 22, 1931, charging him with violating the liquor laws. The defendant entered his plea of guilty to said charge on October 6, 1931. The time for pronouncing judgment and sentence upon the defendant was continued to several definite periods, the date of the last entry being April 2, 1932. After that date no further order continuing the time for pronouncing judgment and sentence was made; but the defendant continued at liberty until he was arrested and taken before the court on August 21, 1940, at which time he was sentenced to serve 30 days in the county jail and pay a fine of $50 and costs of said action.

This court, on September 7, 1940, issued a rule to show cause directed to the sheriff of Oklahoma county and made returnable on October 17, 1940, and the petitioner was released on bail in the sum of $100 during the pendency of said cause in this court.

Said rule to show cause was duly served on the sheriff of Oklahoma county on September 7, 1940, but no return or response to said petition has ever been filed. As was stated by Judge Doyle in the recent case of Ex parte Hastings, 70 Okla. Cr. 128, 105 P. 2d 270:

"Section 689, St. 1931, 12 Okla. St. Ann. § 1338, requires that the sheriff or other person to whom the writ directed shall make immediate return thereof, and if such officer neglect or refuse to make return, after due service, or shall refuse or neglect to obey the writ by producing the party named therein, and no sufficient excuse is shown for such neglect or refusal, the court shall enforce obedience by attachment.

"Section 690, 12 Okla. St. Ann. § 1339, provides that the return must be signed and verified by the person making it who shall state:

"First. The authority or cause of restraint of the party in his custody.

"Second. If the authority be in writing, he shall return a copy and produce the original on the hearing.

"Third. If he has had the party in his custody or under his restraint, and has transferred him to another, he shall state to whom, the time, place and cause of the transfer.

"Section 691, 12 Okla. St. Ann. § 1340, provides that the petitioner may except to the sufficiency of or controvert the return, or any part thereof, with other provisions not necessary to here mention.

"Section 692, 12 Okla. St. Ann. § 1341, is to the effect that upon the issues joined the court or judge shall proceed in a summary way to hear and determine the cause, and if no legal cause be shown for the restraint, or for a continuance thereof, shall discharge the petitioner."

The verified petition filed herein shows upon its face that the petitioner is entitled to the relief sought. Ex parte Coley, 67 Okla. Cr. 482, 94 P. 2d 968; Collins v. State, 24 Okla. Cr. 117, 217 P. 896; White v. State, 45 Okla. Cr. 289, 283 P. 581.

In the case of Ex parte Coley, supra [94 P. 2d 970], it is stated:

"To permit the courts to indefinitely postpone the sentence is placing in the hands of the judge the pardoning power. The law of this state does not permit this. Sentence need not necessarily be imposed at the same term of court at which the verdict or plea of guilty was had, and, if the court's purpose of postponing the imposition of sentence is incident to the administration of justice within its conceded powers, and its orders postponing sentence are unconditional and to definite periods, the jurisdiction

of the court to impose sentence at a term after the trial term is not affected. But in the case at bar several terms of court had passed and no order was entered postponing the pronouncement of judgment and sentence. The court, under the law, had lost jurisdiction."

Where the petition, duly verified, shows on its face that the petitioner was illegally restrained of his liberty and the sheriff who has the petitioner in custody has failed to make a return, this court may proceed in a summary way to determine the cause and order the petitioner discharged upon the verified and undenied petition filed herein. Ex parte Owens, 37 Okla. Cr. 118, 258 P. 758; Ex parte Hastings, supra.

From a consideration of the petition, the exhibits attached thereto, and the evidence introduced in support thereof, this court is of the opinion that the petitioner was unlawfully restrained of his liberty upon the date of the filing of said petition and should be discharged.

It is so ordered.

DOYLE, P. J., and BAREFOOT, J., concur.