## M. G. NORMAN v. STATE.

No. A-9955.   Dec. 17, 1941.

(120 P. 2d 369.)

J. R. Huggins, of Ada, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and J. Walker Field, Asst. Atty. Gen., for the State.

PER CURIAM.   The Attorney General has filed the following confession of error:

"Comes now the Attorney General in the above entitled cause and confesses error herein and as grounds and reasons therefor respectively calls this court's attention to the following facts:

"The undisputed record in this case shows that the proceedings herein were instituted in the justice of the peace court in the city of Wewoka under which the plaintiff in error was prosecuted by complaint with the crime, to wit:

"That 'while operating as a second-hand dealer he purchased from Claud Pack, a minor, fifteen years of age, one certain automobile tire without first having obtained the consent, in writing, of the parent or guardian of the said minor child,' which resulted in a conviction by a jury in said justice of the peace court on the 19th day of May, 1938, whereby he was sentenced to pay a fine of fifty ($50.00) dollars; thereafter, and on the 21st day of May, he executed an appeal bond that was duly approved appealing said conviction to the district court of Seminole county. A transcript of said proceedings was duly filed in the district court on May 25, 1938. Thereafter, and on the 22nd day of March, 1939, said cause was tried before a jury and resulted in a verdict of guilty and assessing a fifty ($50.00) dollar fine as his punishment, and likewise filed on March 22, 1939.

"Page 39 of the transcript of proceedings shows from the minutes of the court clerk that on March 22, 1939, 'sentence day passed to June 12, 1939.' No other proceedings are shown to have been had in this case until it appears that thereafter on the 13th day of August, 1940, (transcript, page 32) a bench warrant of arrest was issued by the court clerk, and on the 14th day of August, 1940, there was filed in the clerk's office an appearance bond under which said bond was conditioned that the defendant would 'make his personal appearance before said court at Wewoka on September 9, 1940, then and there to answer said accusation against him.' Pages 41 to 43 show a final decree of judgment entered on the 9th day of September 1940, in

said action at which time the defendant appeared, and through his attorney, objected to any sentence being imposed, alleging as grounds for said objection states: That the court has lost jurisdiction of both the subject matter of this cause of action and the person of the defendant and is at this time without authority and jurisdiction to impose any sentence or final judgment, and such imposition at this time would be a deprivation of the liberty of this defendant in violation of the Constitution and Statutes of Oklahoma. This objection of defendant by counsel was overruled and exceptions allowed, and the defendant thereupon announced his intention to appeal from said judgment and sentence. Thereafter, an appeal bond was given and approved, notice duly served, and this appeal with petition in error filed in this court on October 21, 1940.

"The court's attention is called to sections 3125, 3126 and 3127, Oklahoma Statutes 1931, 22 Okla. St. Ann. §§ 961-963, which read as follows:

" 'After a plea or verdict of guilty, or after a verdict against the defendant on a plea of a former conviction or acquittal, if the judgment is not arrested or a new trial granted, the court must appoint a time for pronouncing judgment.'

" 'The time appointed must be at least two days after the verdict, if the court intend to remain in session so long; or, if not, at as remote a time as can reasonably be allowed.'

" 'For the purpose of judgment, if the conviction is for misdemeanor judgment may be pronounced in the defendant's absence.'

"Attention is also called to section 3136, O. S. 1931, 22 Okla St. Ann. § 972, which reads as follows:

" 'If no sufficient cause be alleged or appear to the court why judgment should not be pronounced it must thereupon be rendered.'

"In the judgment of the Attorney General this case comes fairly and squarely within the rule as announced

by this court in its last opinion upon this subject, wherein this court, in said opinion, referred to with approval the rule as announced in the case of Ex parte Coley, 67 Okla. Cr. 482, P. 2d 968, and quoted with approval said rule, which is as follows:

" 'Sentences need not necessarily be imposed at the same term of court at which the verdict or plea of guilty was had, and if the court's purpose in postponing the imposition of sentence is incident to the administration of justice within its conceded powers, and its orders postponing sentence are unconditional and to definite periods, the jurisdiction of the court to impose sentence at a term after the trial term is not affected. But in the case at bar several terms of court have passed and no order was entered postponing the pronouncement of judgment and sentence. The court, under the law, had lost jurisdiction.'

"The court, in this opinion, referred to the earlier cases of said court upon this subject, Collins v. State, 24 Okla. Cr. 117, 217 P. 896, and the case of White v. State, 45 Okla. Cr. 289, 283 P. 581. In the light of this record and these definite and positive declarations of our court it clearly appears that this judgment and sentence was and is void and that the court lost jurisdiction of said action and that said judgment should be reversed and the plaintiff in error released and discharged.

"Respectfully submitted,

"Mac Q. Williamson, Attorney General,
"J. Walker Field, Assistant Attorney General,
"Attorneys for Defendant in Error."

We have examined the record and find that the facts are as stated in the motion filed by the Attorney General. For the reasons therein stated, the judgment and sentence of the district court of Seminole county is reversed, and the defendant is ordered discharged.