Ex parte E. E. STAGGS.

No. A-10077.    March 25, 1942.

(124 P. 2d 269.)

Sid White, of Oklahoma City, for petitioner.

JONES, J. This is an original proceeding in habeas corpus wherein the petitioner seeks his release from confinement in the county jail of Oklahoma county.

The verified petition filed herein alleges that the petitioner was committed to the county jail of Oklahoma county on May 20, 1933, for the nonpayment of a fine of $50 and costs of the proceeding.

That on that date your petitioner executed a stay bond conditioned for the payment of the amount of money for which he was so held.

That if authority of law existed for the taking of said surety and release of this petitioner from confinement, the same was good and sufficient, and at all times thereafter, and even until this date, said surety was perfectly solvent and said sum could have been easily collected.

That thereafter the petitioner was frequently in and about the courthouse and has received assistance from the county officers for his dependent children.

That after the petitioner was released from jail he approached members of the sheriff's force, discussed with them his destitute condition and was advised by said officers that they did not desire or intend to imprison him further, but would look to said undertaking for the amount claimed.

That on May 26, 1941, under and by virtue of an instrument in writing styled "alias warrant", the respondent arrested petitioner and placed him in the county jail of Oklahoma county where petitioner is now held and restrained of his liberty. That said confinement, so your petitioner is informed by respondent, is to satisfy the payment of the $50 fine and costs hereinabove set forth.

Upon the filing of this petition the rule to show cause was issued, directed to the respondent, and it was further ordered that the petitioner be granted his freedom upon his executing bond in the amount of $100, pending the disposition of this cause.

There has been no response filed to the petition and no appearance made on behalf of said respondent in this court. In the case of Ex parte Hawkins, 70 Okla. Cr. 426, 106 P. 2d 1112, it is stated:

"Where the sheriff, who was charged in habeas corpus proceeding with unlawful restraint, neglected to make a return to a rule to show cause why the writ should not issue, and petition, duly verified, on its face showed that petitioner was illegally restrained of his liberty by the sheriff, and no legal cause for the restraint appeared, this court will summarily order that the petitioner be discharged."

In the case of Ex parte Tucker, 73 Okla. Cr. 424, 122 P. 2d 174, this court stated that officers should be alert to see that no unreasonable delay is had in the carrying out of the mandates and judgments of the courts in criminal cases.

In view of the judgment of this court, stated in Ex parte Tucker, supra, and the decisions therein cited, it is our opinion that the petition for writ of habeas corpus herein states facts sufficient to show that the petitioner is entitled to the relief prayed, and, in the absence of a response, the writ of habeas corpus should issue.

From a consideration of the petition and the exhibits attached thereto, this court is of the opinion that the petitioner was illegally restrained of his liberty upon the date of the filing of said petition and should be discharged.

It is so ordered.

BAREFOOT, P. J., and DOYLE, J., concur.