Marvin Ralph HALL, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12374.

Criminal Court of Appeals of Oklahoma.

Jan. 9, 1957.

H. G. Bill Dickey, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

Plaintiff in error, Marvin Ralph Hall, defendant below, was charged by information in the District Court of Tulsa County, Oklahoma, with the commission of the crime of Indecent Exposure, 21 O.S.1951 § 1021, second and subsequent offense, 21 O.S.1951 § 51, allegedly committed in Tulsa County on August 16, 1955. As a predicate for the charge of second and subsequent offense, a prior conviction was alleged as having been had on October 3, 1951, for a like crime. The defendant was tried by a jury, convicted, but the jury being unable to agree on a punishment, left the same to the discretion of the trial court which fixed his punishment at ten years in the peniten-

tiary. Judgment and sentence were entered accordingly, from which this appeal has been taken.

The record herein discloses that as a predicate for a second and subsequent offense charge, a prior conviction, judgment and sentence was pled. The said prior conviction was based upon an information filed in the District Court of Tulsa County charging the within defendant with the crime of indecent exposure, the same as in the case at bar, to which a plea of guilty was entered on December 2, 1948. After numerous suspensions of the imposition of judgment and sentence, the same was finally entered on October 2, 1951. The last such suspension of imposition of sentence was from January 4, 1951 to no certain date. He was thereafter ordered to appear on October 2, 1951, when he was finally sentenced to five years in the penitentiary. It is obvious the trial court in violation of the provisions of the Constitution had placed the defendant on judicial parole. Neither the statutes nor the Constitution permit such to be done. The power to grant paroles, etc., is vested in the governor of the state, subject to recommendation of the Pardon and Parole Board. Art. 6, Sec. 10, Oklahoma Constitution. It is obvious that the people did not want its convicted citizens to be subject to the arbitrary will, whim, or caprice of the governor, hence the matter of granting paroles, etc., was based upon the recommendation of the board. See 57 O.S.1951 § 332 et seq. providing for adequate supervision of parolees. The intent of the people as to such matters is clear. Arbitrary power over convicts was denied the courts by the Constitution vesting the power in the governor

"To grant, after conviction and after favorable recommendation by a majority vote of the [Pardon and Parole] Board, commutations, pardons and paroles for all offenses, * * * subject to such regulations as may be prescribed by law." We know of no such grant of power to the courts after plea of guilty or conviction.

In fact, there is none. It hardly seems reasonable that the people would seek by constitutional means to deny the exercise of such power by the governor and yet tolerate it in the courts. This court has repeatedly held that continuances for the pronouncement of judgment and sentence must be within the conceded powers of the trial court so to do. Boykin v. State, 86 Okl.Cr. 175, 190 P.2d 471. Such powers may be exercised in the matter of motions for new trial and in arrest of judgment, or other causes. But, it has been expressly held that the trial courts are not authorized by law to indefinitely suspend the pronouncement of judgment and sentence. Norman v. State, 73 Okl.Cr. 295, 120 P.2d 369.

The suspension of imposition of sentence must not be confused with the trial court's power to suspend the execution of the sentence, 22 O.S.1951 §§ 991, 992, in a proper case. Ex parte Boyd, 73 Okl.Cr. 441, 122 P.2d 162, 170. Therein it was said:

"It should be noted that the broad term 'suspended sentence' is used quite generally by the text writers and the various opinions to apply both to the case where the imposition of the sentence itself is suspended and to those cases where the sentence is pronounced, but the execution of the sentence is suspended. In Oklahoma, in accordance with our statute, the sentence is pronounced, and at the same time and as a part of the sentence the court may in its own discretion make provision that the execution of the sentence be suspended upon the conditions set forth in the statute."

But, conceding the trial court usurped power it did not possess in suspending imposition of judgment and sentence, the defendant may not now raise such question. The record discloses the defendant pled guilty to the charge as made against him in the prior conviction. On at least one occasion, the delay was incident to a letter from the defendant urging the trial court to grant further delay. It is not unreasonable, therefore, to presume that either by himself or with counsel the whole procedure may have been instigated by him as the movant. Boykin v. State, supra. It is not unreasonable to presume that where the record is silent as to who was responsible for the motivation, such delays may have been granted upon the defendant's request. In any event, the defendant had the benefit of these continuances incident to the trial court's acts of unauthorized clemency. In the proceedings in allocution, he gave no reason why sentence should not be pronounced against him. At no time did he ever deny his guilt. He filed no motion in arrest of judgment and made no direct attack on the judgment and sentence by appeal or no indirect attack through habeas corpus after sentence and during his confinement. But, to the contrary, he fully and completely satisfied the judgment and sentence upon the plea entered in 1948 and the judgment and sentence pronounced in 1951. Completion of the service of the sentence put an end to the case and gave finality to the judgment. It has been held that satisfaction of the sentence puts an end to the court's power over a criminal judgment and this is as it must be for there must be an end to criminal litigation. We know of no more final manner to dispose of a judgment and sentence than to have completely satisfied the same in whole or in part. Tracy v. State, 24 Okl.Cr. 144, 216 P. 941; Ford v. State, 80 Okl.Cr. 37, 156 P.2d 633. We therefore are of the opinion that the defendant under the conditions herewith presented is in no position to attack the judgment and sentence entered upon his plea of guilty in the prior case, and the judgment and sentence therein rendered constitutes a valid predicate for a second and subsequent offense charge.

The defendant next attacks the sufficiency of the evidence, herein. In this regard, the evidence of the complaining witness stands uncontradicted. We are therefore confronted with the rule where there is any evidence reasonably tending to support the jury's verdict, the same will not be reversed, vacated, or set aside on appeal. Sadler v. State, 84 Okl.Cr. 97, 179 P.2d 479;

Dodson v. State, Okl.Cr., 284 P.2d 437. Nevertheless, we are not impressed with the strength of the evidence in the case at bar. In some respects, the testimony of the complaining witness bears inconsistencies. Moreover, the complainant is without substantial corroboration. It is altogether possible had it not been for the prior judgment and sentence as a predicate for the second and subsequent offense charge, the jury might have found the defendant not guilty. We are of the opinion that the prior conviction may have influenced the jury in arriving at its verdict. In keeping with the ends of justice under the authority of 22 O.S.1951 § 1066, the judgment and sentence herein imposed is modified to two years, and as modified is affirmed. Daves v. State, 77 Okl.Cr. 343, 141 P.2d 603.

JONES, P. J., and POWELL, J., concur.